| ]BROWN, Judge,
dissenting.
I disagree with reversing the judgment in Culpepper’s favor on the reconventional demand.
*144 The reversal is premised on the validity of the assumption of debts provision in the 1983 buy-sell agreement.
The 1983 buy-sell agreement clearly states:
That A.Y. Green, Jr., agrees to sell to Bobby L. Culpepper, 100% of the stock owned by [Green] in Ron D’Aguiar Chevrolet-Olds, Inc....
The obligation of the parties herein is contingent upon approval ... by General Motors ...
The assets ... are set forth in Exhibit A ... and it is the intention of the parties that any and all interest of [Green] ... be transferred to [Culpepper] when the stock is transferred ...
The approval from General Motors was never obtained. As stated in the majority opinion, “Green also knew that the dealership had failed to pay GM ... [for floor plan financed vehicles which] caused it to be classified as ‘out of trust’ with GM ...” Thus, General Motors never approved the proposed transfer of stock. Because the condition never occurred, the agreement by Culpepper to buy Green’s stock was never consummated. An integral part of that agreement was the assumption of debts, which is no more viable or enforceable than the other provisions. Culpepper paid the company’s debts for which Green was equally liable. I believe the trial court was correct and respectfully dissent.